NAME William Carl Lawrence

PRISON NUMBER F-03704

CURRENT ADDRESS OR PLACE OF CONFINEMENT
Pleasant Valley State Prison
P. O. Box 8504, D2-102 low
CITY, STATE, ZIP CODE
Coalinga, CA 93210-8504
In pro per

2254 ✓ 1983
FILING FEE PAID
Yes No ✓
IFP MOTION FILED
Yes ✓ No
COPIES SENT TO
Court ✓ ProSe

FILED
SEP - 4 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

WILLIAM CARL LAWRENCE ,
(FULL NAME OF PETITIONER)

PETITIONER

v.

JAMES A. YATES, Warden ,
(NAME OF WARDEN, SUPERINTENDENT, JAILOR, OR AUTHORIZED PERSON HAVING CUSTODY OF PETITIONER [E.G., DIRECTOR OF THE CALIFORNIA DEPARTMENT OF CORRECTIONS])

RESPONDENT
and

,

The Attorney General of the State of California, Additional Respondent.

Civil No '08 CV 1626 W RBB
(TO BE FILLED IN BY CLERK OF U.S. DISTRICT COURT)

## PETITION FOR WRIT OF HABEAS CORPUS

UNDER 28 U.S.C. § 2254
BY A PERSON IN STATE CUSTODY

1. Name and location of the court that entered the judgment of conviction under attack:
   Superior Court, State of California
   County of San Diego, San Diego, CA 92101
2. Date of judgment of conviction: October 6, 2005
3. Trial court case number of the judgment of conviction being challenged: SCD 189310

4. Length of sentence: 825 years to life



CR

5. Sentence start date and projected release date:

November 8, 2005 Projected release date is 2830 .

6. Offense(s) for which you were convicted or pleaded guilty (all counts):
Petitioner was found guilty of Penal Code §288(a), lewd act upon a child under age 14 years, which consisted of eleven counts; Pursuant to P.C. §667.61, a term of 25 years-to-life was imposed, and tripled to 75-years-to-life (consecutively).

7. What was your plea? (CHECK ONE)

(a) Not guilty [X]

(b) Guilty [ ]

(c) Nolo contendere [ ]

8. If you pleaded not guilty, what kind of trial did you have? (CHECK ONE)

(a) Jury [X]

(b) Judge only [ ]

9. Did you testify at the trial?

[ ] Yes [X] No

## DIRECT APPEAL

10. Did you appeal from the judgment of conviction in the **California Court of Appeal**?
[X] Yes [ ] No
FOURTH APPELLATE DISTRICT, DIVISION ONE.

11. If you appealed in the **California Court of Appeal**, answer the following:

(a) Result: Affirmed in part, reversed in part.

(b) Date of result (if known): April 16, 2007

(c) Case number and citation (if known): D 047547

(d) Names of Judges participating in case (if known):

McINTYRE, J., AARON, J., and HUFFMAN, Acting P.J.

(e) Grounds raised on direct appeal: TRIAL COURT'S EXCLUSION OF DEFENSE EXPERT DEPRIVED APPELLANT OF HIS FEDERAL RIGHTS TO PRESENT A MEANINGFUL DEFENSE OF THE CHARGES AGAINST HIM; II. APPELLANT WAS DEPRIVED OF HIS 6TH & 14TH AMENDMENTS TO A JURY TRIAL (See attached page for continuation of Grounds Raised).

12. If you sought further direct review of the decision on appeal by the **California Supreme Court** (e.g., a Petition for Review), please answer the following: Petition for Review.

(a) Result: Dismissed (see attached)

(b) Date of result (if known): SEPTEMBER 12, 2007 ~~October 12~~, 2007

(c) Case number and citation (if known):

S152885

(d) Grounds raised:

I. THE TRIAL COURT'S REFUSAL TO ALLOW A DEFENSE EXPERT TO TESTIFY REGARDING THE PREVALENCE OF FALSE ACCUSATIONS BY CHILD WITNESSES DEPRIVED PETITIONER OF HIS FEDERAL AND STATE CONSTITUTIONAL RIGHTS TO PRESENT A MEANINGFUL DEFENSE. II. PETITIONER WAS DENIED HIS SIXTH AND FOURTEENTH AMENDMENT RIGHTS TO A JURY TRIAL AND DUE PROCESS WHEN (See attached sheet for continuaation of No. 12).

Item No. 11, page 2:

AND DUE PROCESS WHEN THE TRIAL COURT REFUSED TO LET THE JURY DECIDE WHETHER APPELLANT WAS THE PERSON WHO SUFFERED PRIOR CONVICTIONS IN 1961 AND 1970 AND INSTEAD DIRECTED A VERDICT ON THAT ISSUE.

III. THE TRIAL COURT ERRED IN ADMITTING EVIDENCE OUTSIDE THE RECORD OF THE 1961 CONVICTION TO BE ADMITTED AS PROOF OF THAT PRIOR, AND THE ADMISSIBLE EVIDENCE IS INSUFFICIENT AS A MATTER OF LAW TO SUSTAIN THE JURY'S TRUE FINDING ON THAT CONVICTION.

IV. IMPOSING CONSECUTIVE SENTENCES IN THIS CASE VIOLATED APPELLANT'S RIGHT TO A JURY TRIAL AS GUARANTEED BY THE SIXTH AMENDMENT.

Continuation from Item No. 12, page 2:

THE TRIAL COURT REFUSED TO LET THE JURY DECIDE WHETHER PETITIONER WAS THE PERSON WHO SUFFERED PRIOR CONVICTIONS IN 1961 AND 1970 AND INSTEAD DIRECTED A VERDICT ON THAT ISSUE.

III. IMPOSING MANDATORY CONSECUTIVE SENTENCES IN THIS CASE VIOLATED PETITIONER'S RIGHT TO A JURY TRIAL AND DUE PROCESS AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS.

13. If you filed a petition for certiorari in the **United States Supreme Court**, please answer the following with respect to that petition: Did not file.
   (a) Result: Not Applicable.
   (b) Date of result (if known):
   (c) Case number and citation (if known):
   (d) Grounds raised: Not Applicable.

## COLLATERAL REVIEW IN STATE COURT

14. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Superior Court**?
   ☐ Yes ☒ No

15. If your answer to #14 was "Yes," give the following information:
   (a) **California Superior Court** Case Number (if known): Not Applicable.
   (b) Nature of proceeding:
   (c) Grounds raised: Not Applicable.
   (d) Did you receive an evidentiary hearing on your petition, application or motion?
   ☐ Yes ☒ No
   (e) Result: Not Applicable.
   (f) Date of result (if known):

16. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Court of Appeal**?
   ☐ Yes ☒ No

**17.** If your answer to #16 was "Yes," give the following information:

(a) **California Court of Appeal** Case Number (if known):

(b) Nature of proceeding: Not Applicable.

(c) Names of Judges participating in case (if known)

(d) Grounds raised: Not Applicable.

(e) Did you receive an evidentiary hearing on your petition, application or motion?
☐ Yes ☐ No

(f) Result: Not Applicable.

(g) Date of result (if known):

**18.** Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Supreme Court**?
☒ Yes ☐ No Petition for Writ of Habeas Corpus
Petition for Review of New Issues.

**19.** If your answer to #18 was "Yes," give the following information:

(a) **California Supreme Court** Case Number (if known): S161426

(b) Nature of proceeding: Denied.

(c) Grounds raised: I. Petitioner's Statements Were in Flagrant Violation of MIRANDA v. ARIZONA, As Well As His Fifth and Fourteenth Amendments Of The United States Constitution, Requiring Reversal.

II. Petitioner's 1970 Conviction Cannot Be Used For The "Three Strikes Law" In That It Was Only One Conviction, And Not Several.

(d) Did you receive an evidentiary hearing on your petition, application or motion?

☐ Yes ☒ No

(e) Result: Petition Denied (See attached).

(f) Date of result (if known): August 13, 2008

**20.** If you did ***not*** file a petition, application or motion (e.g., a Petition for Review or a Petition for Writ of Habeas Corpus) with the **California Supreme Court**, containing the grounds raised in this federal Petition, explain briefly why you did not:

Not Applicable.

## COLLATERAL REVIEW IN FEDERAL COURT

**21.** Is this your **first** federal petition for writ of habeas corpus challenging this conviction?
☒ Yes ☐ No (IF "YES" SKIP TO #22)

(a) If no, in what federal court was the prior action filed?
(i) What was the prior case number?
(ii) Was the prior action (CHECK ONE):
Denied on the merits? ☐
Dismissed for procedural reasons? ☐
(iii) Date of decision:

(b) Were any of the issues in this current petition also raised in the prior federal petition?
☐ Yes ☐ No

(c) If the prior case was denied on the merits, has the Ninth Circuit Court of Appeals given you permission to file this second or successive petition?
☐ Yes ☐ No

---

**CAUTION:**

- **Exhaustion of State Court Remedies:** In order to proceed in federal court you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court. This means that even if you have exhausted some grounds by raising them before the California Supreme Court, you must first present ***all*** other grounds to the California Supreme Court before raising them in your federal Petition.
- **Single Petition:** If you fail to set forth all grounds in this Petition challenging a specific judgment, you may be barred from presenting additional grounds challenging the same judgment at a later date.
- **Factual Specificity:** You must state facts, not conclusions, in support of your grounds. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do. A rule of thumb to follow is — state who did exactly what to violate your federal constitutional rights at what time or place.

---

## GROUNDS FOR RELIEF

22. **State *concisely* every ground on which you claim that you are being held in violation of the constitution, law or treaties of the United States. Summarize *briefly* the facts supporting each ground.** (e.g. what happened during the state proceedings that you contend resulted in a violation of the constitution, law or treaties of the United States.) If necessary, you may attach pages stating additional grounds and/or facts supporting each ground.

(a) GROUND ONE: THE TRIAL COURT'S REFUSAL TO ALLOW A DEFENSE EXPERT TO TESTIFY REGARDING THE PREVALENCE OF FALSE ACCUSATIONS BY CHILD WITNESSES DEPRIVED PETITIONER OF HIS FEDERAL AND STATE CONSTITUTIONAL RIGHTS TO PRESENT A MEANINGFUL DEFENSE.

**Supporting FACTS**:

Evidence Code §720 states that a "person is qualified to testify as an expert if he has special knowledge, skill, experience, training, or education sufficient to qualify him as an expert on the subject to which his testimony relates. Against the objection of a party, such special knowledge, skill, experience, training, or education must be shown before the witness may testify as an expert.

In the instant case, the trial court clearly erred by invoking the limitations of Evidence Code §801, even though the expert testimony that the defense sought was not opinion, but rather factual information based upon whatever appropriate material and experience Dr. Dess waS ENTITLED TO RELY UPON.

The Doctor's testimony would not have been used to impress the jury with an expert's opinion that the victims in this case were lying about any abuse, but it would merely have given the jury vital information that they needed in order to reliably weigh the credibility of the victims' testimony.

The testimony of Dr. Dess would have been a valuable evidentiary tool, which was denied to petitioner in the instant case. It was essential for Petitioner to rely on expert testimony if he were to effectively present his defense; the trial court's exclusion of this evidence was an abuse of discretion and it violated Petitioner's rights under the SIXTH, EIGHTH, and FOURTEENTH AMENDMENTS to the United States Constitution and his corresponding rights under the California State Constitution.

**Did you raise GROUND ONE in the California Supreme Court?**

[X] Yes [ ] No.

If yes, answer the following:

(1) Nature of proceeding (i.e., petition for review, habeas petition): Petition for Review.

(2) Case number or citation: S152885

(3) Result (attach a copy of the court's opinion or order if available):

Dismissed, En Banc (See attached).

**(b) GROUND TWO:** PETITIONER WAS DENIED HIS SIXTH AND FOURTEENTH AMENDMENT RIGHTS TO A JURY TRIALAND DUE PROCESS WHEN THE TRIAL COURT REFUSED TO LET THE JURY DECIDE WHETHER THE PETITIONER WAS THE PERSON WHO SUFFERED PRIOR CONVICTIONS IN 1961 AND 1970 AND INSTEAD DIRECTED A VERDICT ON THAT ISSUE.

**Supporting FACTS:**

Even if some sort of harmless error analysis were to apply, the prior conviction findings would have to be reversed. In this instant case, there was evidence that Petitioner had an identical twin brother (whom was convicted in 1961 and 1970), and the question whether the fingerprints relied upon by the trial court actually were Petitioner's fingerprints...or those of his twin brother. This would have raised a substantial question offact for the jury to decide, but was not given the opportunity.

It is noted that the Appellate Courtof Appeal, Division One, reversed the judgment of the Superior Court as to the true findings on the enhancement allegations relating to the prior 1961 conviction. But the judgment was otherwise affirmed.

Therefore, Petitioner herein has been convicted of the two prior convictions, and that the DNA as well as Fingerprints may have been those of Petitioner's identical twin brother, and not Petitioner's, so that the trial court could use the convictions for the exclusive purpose of enhancements and aggravating term of Eight Hundred Twenty-Five years (With a Life Term added).

**Did you raise GROUND TWO in the California Supreme Court?**

[X] Yes [ ] No.

If yes, answer the following:

(1) Nature of proceeding (i.e., petition for review, habeas petition): Petition for Review.

(2) Case number or citation: S152885

(3) Result (attach a copy of the court's opinion or order if available): Reversed in part, affirmed in part (see attached "Disposition.")

(c) **GROUND THREE**: IMPOSING MANDATORY CONSECUTIVE SENTENCES IN THIS CASE VIOLATED PETITIONER'S RIGHT TO A JURY TRIAL AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS.

**Supporting FACTS:**

Defense counsel in the instant case argued that the trial court was required to impose concurrent terms on all counts, and not consecutive. Defense counsel reiterated on the record Petitioner's constitutional objections to the 825-year-to-life sentence, that it was imposed in violation of equal protection, due process, and cruel and unusual punishment, all of which are being both state and federal law.

The Court of Appeal dismissed Petitioner's arguments, noting that consecutive terms were mandatory "if there is a current conviction for more than one felony not committed on the same occasion, and not arising from the same set of operative facts." However, the imposition of consecutive sentences for multiple offenses is only a matter of the court's discretion, regardless that the offenses may have been committed on separate occasions. This should have been an issue tobe decided only by a jury, not a judge.

The imposition of mandatory consecutive terms pursuant to both the "one strike" and "three strikes" laws based on the facts NOT FOUND TO BE TRUE BY THE JURY violated Petitioner's Sixth and Fourteenth Amendment rights. The trial court's imposition of consecutive terms violates the recent United States Supreme Court authority, and reversal is required for resentencing in this case.

Factually, in this instant case, none of the alleged charges were proven in any way, and it was confusing as to who did what and where for any of the alleged offenses. All of the alleged offenses were "Helter-Skelter", and left for the jury to simply convict on whatever charges were made available by the Prosecution.

It has been held in a recent Washington State case, that "Whether the judicially determined facts require a sentence enhancement or merely allow it, the verdict alone does not authorize the sentence." Under the circumstances described here, the increased term was probably mandatory, and the Sixth Amendment requires a jury determination of the facts necessary to trigger the aggravated term.

**Did you raise GROUND THREE in the California Supreme Court?**

[X] Yes [ ] No.

If yes, answer the following:

(1) Nature of proceeding (i.e., petition for review, habeas petition): Petition for Review.

(2) Case number or citation: S152885

(3) Result (attach a copy of the court's opinion or order if available): Denied en banc

See attached "Disposition".

**(d) GROUND FOUR:** The following Ground was raised separately by use of the State Petition for Writ of Habeas Corpus, for a Review of New Issues not raised on direct appeal:

I. PETITIONER'S STATEMENTS WERE IN FLAGRANT VIOLATION OF MIRANDA V. ARIZONA, REQUIRING REVERSAL.

**Supporting FACTS:**

Petitioner alleges, that on the date of his arrest in this matter (February 25, 2005), that he was forced against his will to be subjected to a polygraph examination, and requested to have counsel present during any and all interrogation.

In addition, Petitioner was seated in a chair in an interrogation or interview room for over 2½ hours. Having not eaten anything since the night before, Petitioner was having a reaction from Hypoglycemia (low blood sugar), but continued to request the presence of an attorney throughout the interview.

The requests for a lawyer were denied by the police in the interrogation and polygraph rooms, stating that Lawyers were not allowed during interviews, and they were not through with their "interview" yet. Petitioner was physically abused, and brutally intimidated by the San Diego Police Officers (namely Detective Righthouse), in ways such as stomping his eye-glases under her feet, pushing Petitioner to the pavement, shoving him down 8 sement steps and placing a service revolver to his face, while handcuffed, in order to force Petitioner to submit to taking a polygraph exam. The results of the polygraph examination were introduced into evidence at trial, over objection of defense counsel, and quoted as "inconclusive", and could be interpreted as guilty or not guilty.

Thereafter, a 2½ hour video tape of Petitioner's alleged confession was entered into evidence, over objection of defense counsel, and highly prejudiced the jury that Petitioner was guilty without considering the fact that the "confession" could have been a hoax. Petitioner does not recall at any time of having confessed to any of the alleged charges in this matter. Absent the confession videotape, a different decision would have been most likely.

A reversal of the instant is requsted by Petitioner, or whatever this Court deems just in this case.

**Did you raise GROUND FOUR in the California Supreme Court?**

☒ Yes ☐ No.

If yes, answer the following:

(1) Nature of proceeding (i.e., petition for review, habeas petition): Habeas Corpus

(2) Case number or citation: S161426

(3) Result (attach a copy of the court's opinion or order if available):

Denied (see attached)

**23.** Do you have any petition or appeal **now pending** in any court, either state or federal, pertaining to the judgment under attack?
☐ Yes ☒ No

**24.** If your answer to #23 is "Yes," give the following information:

(a) Name of Court: Not Applicable

(b) Case Number:

(c) Date action filed:

(d) Nature of proceeding:

(e) Name(s) of judges (if known):

(f) Grounds raised:

(g) Did you receive an evidentiary hearing on your petition, application or motion?
☐ Yes ☐ No

**25.** Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing ........ Michael Begovich, Public Defender
233 "A" St., Ste. 500
San Diego, CA 92101

(b) At arraignment and plea ....... Michael Begovich

(c) At trial ...................... Michael Begovich

(d) At sentencing ................. Michael Begovich

(e) On appeal ..................... Nancy J. King, Attorney at Law
Appellate Defenders, Inc.
1400 Sixth Ave., Ste. 210C
San Diego, CA 92101

(f) In any post-conviction proceeding

In pro per

(g) On appeal from any adverse ruling in a post-conviction proceeding:

Not Applicable

**26.** Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
[X] Yes [ ] No

**27.** Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
[ ] Yes [X] No

(a) If so, give name and location of court that imposed sentence to be served in the future:

(b) Give date and length of the future sentence:

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
[X] Yes [ ] No

**28.** Consent to Magistrate Judge Jurisdiction

In order to insure the just, speedy and inexpensive determination of Section 2254 habeas cases filed in this district, the parties may waive their right to procced before a district judge and consent to magistrate judge jurisdiction. Upon consent of all the parties under 28 U.S.C. § 636(c) to such jurisdiction, the magistrate judge will conduct all proceedings including the entry of final judgment. The parties are free to withhold consent without adverse substantive consequences.

The Court encourages parties to consent to a magistrate judge as it will likely result in an earlier resolution of this matter. If you request that a district judge be designated to decide dispositive matters, a magistrate judge will nevertheless hear and decide all non-dispositive matters and will hear and issue a recommendation to the district judge as to all dispositive matters.

You may consent to have a magistrate judge conduct any and all further proceedings in this case, including the entry of final judgment, by indicating your consent below.

Choose only one of the following:

[X] Plaintiff consents to magistrate judge jurisdiction as set forth above.

**OR**

[ ] Plaintiff requests that a district judge be designated to decide dispositive matters and trial in this case.

**29.** Date you are mailing (or handing to a correctional officer) this Petition to this court:

September 1, 2008

Wherefore, Petitioner prays that the Court grant Petitioner relief to which he may be entitled in this proceeding.

Petitioner in Propria Persona

SIGNATURE OF ATTORNEY (IF ANY)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

August 29, 2008 — William Carl Lawrence

(DATE) — WILLIAM CARL LAWRENCE — SIGNATURE OF PETITIONER

**S161426**

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

---

In re WILLIAM CARL LAWRENCE on Habeas Corpus

---

The petition for writ of habeas corpus is denied.

SUPREME COURT
FILED

AUG 13 2008

Frederick K. Ohlrich Clerk

Deputy

EXHIBIT

GEORGE

Chief Justice

SUPREME COURT
FILED
OCT 12 2007
Frederick K. Ohlrich Clerk
Deputy

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

---

People v. Raphael Barreto (S150843/H029455); People v. Wayman Z. Barrow (S152496/H030041); People v. Eric Jason Bernard (S152671/H030145); People v. Marlon Brandon (S149371/B186361); People v. Donald R. Bredfield (S149650/C050407); People v. Desmond Brown (S152225/D047721); People v. Raymundo S. Celis (S148878/B186270); People v. Jaime Corona (S149486/E039509); People v. Albert A. Crespo (S149014;C048486); People v. Lon Warren Curtis (S152177/H030035); People v. William Dissinger (S151034/C050329); People v. Sergio Dominguez (S149574/C050399); People v. Terence Dunson et al. (S148011/B185018); People v. Nam D. Duong (S149837/G035340); People v. Gene Evans (S150445/F047507; Baxter, J. was recused and did not participate); People v. Jereme M. Gott (S150311/F048866); People v. Deroy J. Green, III (S152919/B178945); People v. Leroy J. Greenwood (S148927/B182924); People v. David S. Griffin (S151349/C051323); People v. Francisco J. Hernandez (S151549/C053061); People v. Manuel Hernandez (S152230/B186089); People v. Philip Roger Wolcott Herrell (S149379/C050610); People v. Jeffrey Allen Isom (S149304/C048429); People v. William C. Lawrence (S152885/D047547) People v. Dennis Niece (S150415/E037328); People v. Alex Gabriel Rodriguez (S153825/C051048) People v. Allen Rynhard (S153026/H030009); People v. Daniel Boy Salinas (S154189/G036194); People v. Jon Gary Schnabel (S152830/C052400); People v. William L. Sledge (S148843/B182288); People v. Cecil Townsend (S149967/B186647); People v. Gregory E. Waller (S150121/E038456); People v. Adam Samuel Weatherspoon (S150239/C050357)

---

In light of *People v. Black* (2007) 41 Cal.4th 799, review in the above-entitled matters is dismissed. (Cal. Rules of Court, rule 8.528(b)(1).)

George
*Chief Justice*

Kennard
*Associate Justice*

Baxter
*Associate Justice*

Werdegar
*Associate Justice*

Chin
*Associate Justice*

Moreno
*Associate Justice*

Corrigan
*Associate Justice*

EXHIBIT

DISPOSITION

The judgment is reversed as to the true finding on the enhancement allegations relating to the prior 1961 conviction, but is otherwise affirmed. The trial court is directed to prepare an amended abstract of judgment in accordance with this opinion and to forward it to the Department of Corrections and Rehabilitation.

McINTYRE, J.

WE CONCUR:

HUFFMAN, Acting P.J.

AARON, J.

EXHIBIT

**PROOF OF SERVICE BY MAIL**

I, WILLIAM CARL LAWRENCE, declare;

I am at least 18 years of age, and a party / and not a party to the attached herein cause of action. My mailing address is;

PLEASANT VALLEY STATE PRISON
FACILITY D, BUILDING 2, CELL 102 Low
POST OFFICE BOX 8504
COALINGA CALIFORNIA
93210-8504

On August 29, 2008, I delivered to prison officials at Pleasant Valley State Prison at the above address the following documents for mailing via the U.S. Postal Service:

1. PETITION FOR FEDERAL WRIT OF HABEAS CORPUS
2. __________
3. __________
4. __________

In a sealed envelope(s) with postage fully prepaid, addressed to:

1. CLERK OF THE COURT, U.S. FEDERAL DISTRICT COURT, SOUTHERN DISTRICT, 880 FRONT ST., RM. 4290, SAN DIEGO, CA 92101-8900
2. __________
3. __________
4. __________

I declare under penalty of perjury that the foregoing is true and correct. Executed this 29th day of AUGUST, 2008, at Coalinga, California.

William Carl Lawrence
Petitioner / Declarant IN PRO PER

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

FILING FEE PAID: Yes / No ✓
IFP MOTION FILED: Yes ✓ / No
COMPLAINT TO: Court ✓ / Pro Se

FILED
SEP - 4 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY

I (a) PLAINTIFFS: **William Carl Lawrence**

DEFENDANTS: **James A. Yates**

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF (EXCEPT IN U.S. PLAINTIFF CASES): Fresno

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT (IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

**William Carl Lawrence**
**PO Box 8504**
**Coalinga, CA 93210**
**F-03704**

ATTORNEYS (IF KNOWN)

**'08 CV 1626 W RBB**

II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III

III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT (For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

**28 U.S.C. 2254**

V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

**CONTRACT**
- ☐ 110 Insurance
- ☐ Marine
- ☐ Miller Act
- ☐ Negotiable Instrument
- ☐ 150 Recovery of Overpayment &Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153Recovery of Overpayment of Veterans Benefits
- ☐ 160 Stockholders Suits
- ☐ Other Contract
- ☐ 195 Contract Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectmant
- ☐ 240 Tort to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**PERSONAL INJURY**
- ☐ 362 Personal Injury- Medical Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence Habeas Corpus
- ☒ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710Fair Labor Standards Act
- 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc.
- ☐ Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (13958)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS - Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reappointment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities Exchange
- ☐ 875 Customer Challenge 12 USC
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State
- ☐ 890 Other Statutory Actions

VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)

☒ 1 Original Proceeding ☐ 2 Removal from State Court ☐ 3 Remanded from Appelate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

VII. REQUESTED IN COMPLAINT: ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23 DEMAND $ Check YES only if demanded in complaint: JURY DEMAND: ☐ YES ☐ NO

VIII. RELATED CASE(S) IF ANY (See Instructions): JUDGE Docket Number

DATE 9/4/2008 ~~SIGNATURE OF ATTORNEY OF RECORD~~

R. Mullen

CR