UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM CARL LAWRENCE,<br><br>                      Petitioner,<br>vs.<br><br>MATTHEW CATE,<br><br>                      Respondent. | CASE NO. 08-CV-1626-W (POR)<br><br>**ORDER DENYING APPLICATION FOR CERTIFICATE OF APPEALABILITY**<br>**(Doc No. 33.)** |

      On September 4, 2008, Petitioner William Carl Lawrence ("Petitioner"), a state prisoner proceeding *pro se*, filed a petition for writ of habeas corpus seeking relief under 28 U.S.C. § 2254. (Doc. No. 1.) On January 29, 2010, this Court denied the Petition in its entirety. (Doc. No. 30.)

      Pending now before the Court is Petitioner's Application for Certificate of Appealability ("COA"). The Court decides the matter on the papers submitted and without oral argument. See S.D. Cal. Civ. R. 7.1.(d.1). For the reasons discussed below, the Court **DENIES** Petitioner's application for a COA.

## I.  LEGAL STANDARD

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), a state prisoner may not appeal the denial of a section 2254 habeas petition unless he obtains a COA from a district or circuit judge. 28 U.S.C. § 2253 (c)(1)(A); see also United States v. Asrar, 116 F.3d 1268, 1269-70 (9th Cir. 1997) (holding that district courts retain authority to issue COAs under the AEDPA).

In deciding whether to grant a COA, a court must either indicate the specific issues supporting a certificate or state reasons why a certificate is not warranted. Asrar, 116 F.3d at 1270. A court may issue a COA only if the applicant has made a "substantial showing" of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court has elaborated on the meaning of this requirement:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy section 2253(c) is straightforward: *The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.*

Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added).

## II.  DISCUSSION

Petitioner argues that three issues warrant a COA in this case: (1) whether this Court abused its discretion and denied him due process of law in regards to his Miranda claim; (2) whether clearly established federal law required a jury, not the trial court, to establish Petitioner's prior convictions, and (3) whether Petitioner's Sixth and Fourteenth Amendment rights were violated when the trial court, not the jury, made factual findings to support the imposition of consecutive sentences. (Doc. No. 33 at 3–4.)

This Court previously denied each of the specific claims Petitioner believes merit a COA. (See Doc. No. 30 at 6–10.) This Court has also thoroughly reviewed the

1  instant Application.  Petitioner has not raised any novel questions of law or made a
2  substantial showing that reasonable jurists would find the Court's assessment of the
3  constitutional claims debatable or wrong. <u>See</u> <u>Slack</u>, 529 U.S. at 484.  Accordingly, the
4  Court **DENIES** Petitioner's request for a COA on all three claims. (Doc. No. 33.)

6  **IV.   CONCLUSION AND ORDER**
7  In light of the foregoing, the Court **DENIES** Petitioner's request for a Certificate
8  of Appealability. (Doc. No. 33.)

10  **IT IS SO ORDERED**

12  DATED:  March 10, 2010

14  Hon. Thomas J. Whelan
    United States District Judge